1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

9    DESHAWN L. THOMAS,                           Case No. 2:18-cv-00020-GMN-EJY

10                              Petitioner,        Order Granting Motion to Dismiss in Part
                                                   and Granting Leave to File Excess Pages
      v.
11                                                       (ECF Nos. 67, 74)
      BRIAN WILLIAMS, et al.,

12                              Respondents.

13

14

15        In his 28 U.S.C. § 2254 Fourth Amended Habeas Corpus Petition, Deshawn L.

16   Thomas challenges his conviction by jury of kidnapping with substantial bodily harm

17   and three other charges. (ECF No. 63.)  His claims include trial court error, prosecutorial

18   misconduct, and ineffective assistance of counsel. (*Id*.)  Respondents have filed  a

19   Motion to Dismiss, arguing that several grounds are untimely, unexhausted, and/or

20   procedurally barred. (ECF No. 67.)  The Court grants the motion in part and dismisses

21   several grounds as untimely or procedurally barred.

22

23        **I.    Background**

24

25        In July 2010, a Nevada (Clark County) jury convicted Thomas of Conspiracy to

26   Commit Kidnapping, First-Degree Kidnapping, Battery, Battery with Intent to Commit a

27

28
                                                1

Crime, Conspiracy to Commit Robbery, and Robbery. (Pet. Exh. 5.)[1]  Thomas and Arafat Fadel were convicted of robbing and beating up Javon Walker, who was a National Football League wide receiver at the time, while Walker and friends were visiting Las Vegas.[2]  Thomas was adjudicated a habitual criminal and sentenced to life in prison without the possibility of parole on the Robbery count. (Exh. 71.)  Judgment of Conviction was entered on July 14, 2010. (Pet. Exh. 6.)  The Nevada Supreme Court affirmed his convictions in September 2011, and affirmed the denial of his state post-conviction petition in December 2017. (Pet. Exhs. 10, 20.)

Thomas his dispatched his federal petition for mailing about December 29, 2017. (ECF No. 10.)  This Court granted Thomas's Motion for Appointment of Counsel. (*See* ECF No. 9.)  Thomas' Fourth Amended Petition sets forth nine grounds. (ECF No. 63.)  He alleges:

Ground One: The court improperly limited Thomas's cross examination of Javon Walker, violating Thomas's rights under the Fifth, Sixth, and Fourteenth Amendments.

Ground Two: The prosecutor committed misconduct by describing an alleged prior bad act during closing arguments, violating Thomas's rights under the Fifth, Sixth and Fourteenth Amendments.

Ground Three: Thomas's trial counsel provided ineffective assistance, violating his Fifth, Sixth, and Fourteenth Amendment rights, when counsel:

A. failed to prove Walker made a prior inconsistent statement about the incident;

B. failed to request an accomplice corroboration instruction;

C. failed to raise sufficiency arguments regarding the conspiracy charges;

D. failed to argue there were not two separate batteries;

E. improperly advised Thomas about testifying; and

F. failed to ask for a mistrial after the court belatedly swore in prospective jurors.

---

[1] Petitioner's exhibits ("Pet. Exh.") referenced in this order are found at ECF Nos. 14-17, and Respondents' exhibits ("Exh.") are found at ECF Nos. 36-39, 66.

[2] Fadel was convicted pursuant to a Guilty Plea. (Exh. 44.)

<u>Ground Four</u>: Thomas's appellate counsel provided ineffective assistance on direct appeal, violating his Fifth, Sixth, and Fourteenth Amendment rights, when counsel:

A. failed to raise a sufficiency challenge to the conspiracy charges; and

B. failed to raise a challenge to the redundant battery convictions.

<u>Ground Five</u>: The evidence was insufficient to support one or more conspiracy convictions, in violation of Thomas's Fifth, Sixth, and Fourteenth Amendment rights.

<u>Ground Six</u>: The court adjudicated Thomas guilty of two redundant battery offenses, violating his Fifth, Sixth, and Fourteenth Amendment rights.

<u>Ground Seven</u>: The prospective jurors were unsworn during voir dire, in violation of Thomas's Fifth, Sixth, and Fourteenth Amendment rights.

<u>Ground Eight</u>: Fadel provided material false testimony against Thomas, violating his Fifth, Sixth, and Fourteenth Amendment rights.

<u>Ground Nine</u>: The prosecution suppressed impeachment evidence regarding Fadel, violating Thomas's Fifth, Sixth, and Fourteenth Amendment rights.

(ECF No. 63 at 14-35.)

Respondents now move to dismiss most grounds in the petition as untimely, unexhausted and/or procedurally barred. (ECF No. 67.)   Thomas opposed, and respondents replied. (ECF No. 70, 75.)

**II.    Legal Standards & Analysis**
**a.  AEDPA Statute of Limitations and Relation Back**

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).  A properly filed petition for state post-conviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

A new claim in an amended petition that is filed after the expiration of the AEDPA limitation period will be timely only if the new claim relates back to a claim in a timely-filed

pleading under Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005).

In *Mayle*, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence. 545 U.S. at 655–64. Rather, under the construction of the rule approved in *Mayle*, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." 545 U.S. at 657. The reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. 545 U.S. at 659 and n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

Here, the parties do not dispute that in order to be timely the claims in Thomas's Fourth Amended Petition must relate back to either the timely original Petition or the timely First Amended Petition. (*See* ECF No. 67 at 16, ECF No. 70 at 9.) Respondents assert that grounds 3(C), 3(D), 3(E), 3(F), 7, 8, and 9 do not relate back to a timely-filed petition. (ECF No. 67 at 14-23.)

### Ground 3(C) relates back.

Thomas contends his trial counsel was ineffective for failing to challenge the sufficiency of the evidence regarding the conspiracy charges and failing to seek a jury instruction regarding the allegedly overlapping conspiracy charges. (ECF No. 63 at 23-24.) Thomas sufficiently raised these claims in grounds 6, 7, and 9(A) of his original Petition. (ECF No. 10 at 22, 24, 28.) So ground 3(C) relates back and is timely.

***Ground 3(E) relates back.***

Thomas alleges that trial counsel improperly advised him not to testify. (ECF No. 63 at 24-26.)  He was sentenced on a grand larceny conviction on April 22, 2010, the same day the defense in this case closed.  Counsel told him that if he took the stand in this case, the prosecution would impeach him with the larceny conviction.  Judgment of Conviction on the larceny case was entered on April 28.  Thomas asserts that under Nevada law the prosecution cannot impeach a defendant with an otherwise qualifying prior conviction if the prosecution does not have a copy of a certified Judgment of Conviction for the offense.  He thus argues that the State would not have been able to impeach Thomas on April 22 with the grand larceny offense because no certified Judgment of Conviction was available until April 28.  In the First Amended Petition, Thomas contends "as defense counsel advised, Mr. Thomas chose not to testify on his own behalf due to the fact that the very morning he was due to testify, the State made sure that Mr. Thomas was sentenced in another case these same prosecutors were also handling, thereby ensuring that should he take the stand this prior was now available to be brought to the jury's attention…." (ECF No. 13-1 at 55.)  The Court concludes that Thomas fairly presented this claim in his First Amended Petition.  Ground 3(E) relates back and is timely.

***Grounds 3(F) and 7 are dismissed.***

In ground 7 Thomas argues that the prospective jurors were unsworn during voir dire in violation of his constitutional rights and in ground 3(F) he contends that counsel failed to seek a mistrial on that basis. (ECF No. 63 at 31, 26.)  Respondents assert that Thomas makes no reference to prospective jurors or a delayed swearing in his original or First Amended Petition. (ECF No. 67 at 22.)  In the opposition, Thomas does not present any argument regarding the timeliness of either claim. (*See* ECF No. 70 at 9-16.)  The Court, therefore, grants the Respondents' motion as to grounds 3(F) and 7 and dismisses both claims as untimely. Local Rule 7-2(d) (providing that when an opposing party fails to file

points and authorities in response to a motion, that failure shall constitute consent to granting the motion).)

***A decision on whether grounds 8 and 9 are timely and/or subject to any procedural bars is deferred to the merits review.***

In ground 8 Thomas alleges that co-defendant Fadel falsely testified that it was Thomas who robbed beat the victim. (ECF No. 63 at 32-34.)  In ground 9 he claims that the State violated *Brady* and *Napue*[3] by (1) not disclosing that Fadel had previously given the State an exculpatory account of the incident; and (2) not correcting Fadel's false statement about the promise the judge made to him about his sentence. (*Id.* at 34-35.) Respondents acknowledge that the claims are based on a new declaration by Fadel.  In its order affirming the denial of Thomas's third state post-conviction petition, the Nevada Supreme Court considered the declaration and concluded that it did not provide good cause to overcome the procedural bars as to the recantation. (Exh. 212 at 3-9.)  The court held that it arguably provided good cause to the extent that the declaration alleges facts of which Thomas could not have known before the declaration, but that Thomas failed to allege sufficient facts to demonstrate prejudice.  This Court will defer an evaluation of whether grounds 8 and 9 are timely under § 2244(d)(1)(D)[4] and/or subject to any procedural bars to its decision on the merits of the petition.

### b.  Exhaustion and Procedural Default

Respondents also argue that several grounds are unexhausted and/or procedurally barred. (ECF No. 67 at 23-27.)  A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those

---

[3] *Brady v. Maryland*, 373 U.S. 83 (1963); *Napue v. Illinois*, 360 U.S. 265 (1959).

[4] §2244(d)(1)(D) provides that the one-year federal statute of limitations shall run from the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106. However, citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same

7

theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

With respect to procedural default, in *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with state-law procedural requirements in presenting his claims in state court is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. 501 U.S. 722, 731-32 (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

In *Martinez v. Ryan*, the Supreme Court ruled that ineffective assistance of post-conviction counsel may serve as cause with respect to a claim of ineffective assistance of trial counsel. 566 U.S. 1 (2012). The *Martinez* Court stated: "Where, under state law,

claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 566 U.S. at 17; *see also Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (regarding the showing necessary to overcome a procedural default under *Martinez*).

Here, Thomas acknowledges that if grounds 5, 6, 3(D), 3(E), 4(A) and 4(B) are unexhausted that they are technically defaulted because the state courts would find these grounds procedurally barred if Thomas returned to present them in state court. But he argues that he can demonstrate cause and prejudice to overcome the procedural bars.

**Several claims are unexhausted or partly unexhausted.**

***Ground 2 will proceed as a federal due process claim only.***

Thomas argues that the prosecutor committed misconduct by describing an alleged prior bad act during closing arguments. (ECF No. 63 at 16-18.) He raised this claim on direct appeal. (Pet. Exh. 7 at 53-55.) But the Court concludes that he did not exhaust it as a Sixth Amendment claim. Thomas only claims that he exhausted "this claim or a similar claim in his direct appeal." (ECF No. 63 at 16.) So ground 2 is exhausted as a due process claim only and will proceed on that basis.

***Ground 3(C) will proceed as to the insufficiency of the evidence claim.***

Thomas claims that trial counsel failed to argue that insufficient evidence supported the conspiracy charges and failed to request a jury instruction that the prosecution had to prove two separate conspiracies. (ECF No. 63 at 23-24). The portion of the claim regarding requesting a jury instruction was not fairly presented to the state appellate court and is unexhausted. (*See* Pet. Exhs. 18; 20 at 4.) Again Thomas only claims to have exhausted this or a similar sub-claim. (ECF No. 63 at 18.) The insufficiency of the evidence claim is exhausted.

9

***Grounds 5 and 6 are unexhausted.***

In ground 5 Thomas contends that insufficient evidence was presented to support one or more conspiracy convictions. (ECF No. 63 at 30-31.)  In ground 6 he argues that the court improperly adjudicated Thomas guilty of two redundant batteries. (*Id.* at 31.) Thomas acknowledges that both grounds are unexhausted. (*Id.* at 30-31, ECF No. 70 at 23.)

***Grounds 3(D), 4(A), and 4(B) are unexhausted.***

Thomas argues in ground 3(D) that trial counsel failed to argue there were not two separate batteries. (ECF No. 63 at 24.)  In ground 4(A) Thomas asserts that his appellate counsel was ineffective for failing to argue that insufficient evidence supported the conspiracy charges. (*Id.* at 27-29.)  And in ground 4(B) he claims that appellate counsel failed to challenge the redundant battery convictions. (*Id.* at 29-30.)  Thomas maintains that he raised the three claims in a pro se supplemental state post-conviction petition.  In affirming the denial of his first state post-conviction petition, the Nevada Supreme Court declined to consider any claims raised in that supplemental petition because Thomas was not entitled to file another pro se supplemental petition after his appointed counsel withdrew. (*See* Pet. Exh. 20 at 1, n.1.)  Thomas argues that this satisfies the exhaustion requirement.  But a federal claim must be presented to the state courts in a manner "consistent with [the State's] own procedural rules. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *see also Shinn v. Ramirez*, 596 U.S. 366, 367 (2022).  Presenting a claim in a context where the state courts won't consider it is not giving the state courts a fair opportunity to act on the claim.  Grounds 3(D), 4(A), and 4(B) are therefore unexhausted.

***Ground 3(E) is unexhausted.***

Thomas claims that trial counsel improperly advised him not to testify. (ECF No. 63 at 24-26.)  Thomas did not present this claim to the Nevada Supreme Court. (*See* Pet. Exhs. 18, 20.)  Ground 3(E) is unexhausted.

**Thomas argues that cause and prejudice excuse the default of several claims.**

*A decision on whether grounds 3(D) and 3(E) are procedurally defaulted is deferred to the merits review.*

Thomas contends that these claims are technically exhausted and also procedurally defaulted because the state courts would not consider the claims due to the state procedural bars. *See Woodford v. Ngo*, 548 U.S. 81 (2002) (state court remedies are "exhausted" when they are "no longer available, regardless of the reason for their unavailability"). He insists he can overcome the default of these claims under *Martinez*. To establish cause under *Martinez*, a petitioner needs to show "that he had no counsel during his state collateral review proceeding or that his counsel during that proceeding was ineffective under the standards of *Strickland v. Washington*." *Rodney v. Filson*, 916 F.3d 1254, 1259 (9th Cir. 2019); *see also Martinez*, 566 U.S. at 14. Thomas also needs to establish prejudice. He can satisfy the prejudice standard by showing his defaulted claims are "substantial," for example, that they have "some merit." *Detrich v. Ryan*, 740 F.3d 1237, 1245 (9th Cir. 2013).

Ground 3(D) is the claim that trial counsel failed to argue that there were not two separate batteries, and ground 3(E) is the claim that trial counsel improperly advised Thomas not to testify. Thomas argues that post-conviction counsel was ineffective for failing to raise these claims and that the claims are substantial. (ECF No. 70 at 28-33.) Respondents disagree that these claims are substantial. The Court concludes that because the question of procedural default is intertwined with the underlying merits of the claims, full merits briefing may assist the court with its determinations, and bests serves judicial efficiency. A decision on whether grounds 3(D) and 3(E) are procedurally defaulted from federal review is deferred.

*Grounds 5 and 6 are dismissed as procedurally barred.*

Thomas acknowledges that these claims are unexhausted and would be procedurally barred if he returned to state court. (ECF No. 70 at 37-41.) But he argues

that ineffective assistance of counsel provides cause to excuse the default of these claims. Ineffective assistance of counsel may constitute cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). However, the ineffective assistance of counsel claim itself must be presented to the state courts as an independent claim before it may be used to establish cause for procedural default. *Edwards*, 529 U.S. at 452-53; *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988). Here, Thomas would have had to have presented the claims that his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence of conspiracy and for failing to argue that the battery convictions were redundant as independent claims in state court. Those two appellate counsel claims are federal grounds 4(A) and 4(B). But, as the Court discusses below, the appellate claims themselves are unexhausted/procedurally barred. So Thomas's reliance on grounds 4(A) and 4(B) is unavailing. Grounds 5 and 6 are therefore dismissed as procedurally barred from federal review.

### *Grounds 4(A) and 4(B) are dismissed as procedurally barred.*

*Martinez* is limited to procedurally defaulted claims of ineffective assistance of trial counsel. So it cannot be invoked to excuse the procedural default of grounds 4(A) and 4(B) – both claims of ineffective assistance of appellate counsel. *Davila v. Davis*, 582 U.S. 521 (2017). But Thomas argues that the Nevada Supreme Court declined to review the claims for an inadequate procedural reason. (ECF No. 70 at 22-23.) That court explained:

> We decline to consider arguments related to claims raised in Thomas' 2016 supplemental petition pro se petition, which he filed without the district court's permission. *See* NRS 34.750(5) ("No further pleadings may be filed except as ordered by the court."). Although we disagree with the district court's determination that the 2016 supplement was procedurally barred, we conclude that it reached the correct result in declining to consider that supplement because Thomas was not entitled to file another pro se supplement after his appointed counsel withdrew. *See* NRS 37.750(3) (providing that appointed counsel may file a supplemental pleading after appointment).

> Pet. Exh. 20 at 2, n.1.

Thomas first filed a pro se state post-conviction habeas petition in October 2012. (Exh. 89.)  Thomas then filed a motion for appointment of counsel, the State agreed that counsel was warranted, and the district court granted the motion. (Exhs. 90, 91.)  The district court set a briefing schedule, and Thomas filed a counseled supplemental petition in April 2014. (*See* Exh. 93.)  The State filed its response. (Exh. 94.)  Thomas filed a motion to dismiss counsel, which the court denied in July 2014.  Thomas filed another motion to withdraw counsel, the court granted the motion, and the court set another briefing schedule to allow Thomas, in pro se, to amend his petition. (*See* Pet. Exh. 1 at 141-142.)  Thomas filed the second supplemental petition in December 2014, the State opposed, and Thomas filed a reply in February 2015.  The court granted a motion to withdraw as counsel in May 2015, and appointed Mario Valencia as counsel. (Exh. 119.)  Thomas then filed a motion to withdraw counsel in March 2016. (Exh. 120.)  The court granted the motion and granted Thomas' request to represent himself. (Exh. 123.)  Thomas then filed another supplemental petition without leave of the court.  Thomas's petition and first two supplements were so voluminous that the state district court asked the State to summarize Thomas's claims and their response to each. (*See* Exh. 133 at 3-4.)  The state district court then denied the claims in the petition and first two supplements. (Exh. 137.)

Under Nevada law, a petitioner may raise claims in his initial petition and, if the district court appoints post-conviction counsel, in a supplemental pleading. NRS 34.724(1); NRS 34.750(3).  All other pleadings may only be filed if ordered by the district court, and the district court has broad authority with respect to permitting supplemental pleadings during post-conviction proceedings. NRS 34.750(5); *State v. Powell*, 138 P.3d 453, 458 (Nev. 2006).

Thomas argues that he reasonably believed he could file a third supplement to the petition and that the application of the bar was "exorbitant." *See Lee v. Kenma*, 534 U.S. 362, 376 (2002).  The state district court had previously given counsel leave to file a

supplement, then specifically gave Thomas leave to file a second supplement pro se after the court granted his 2014 motion to withdraw counsel. The State filed responses to both supplements. After Valencia withdrew as counsel, Thomas did not seek, nor did the court grant, leave to file a third supplement.

"In order to constitute adequate and independent grounds sufficient to support a finding of procedural default, a state rule must be clear, consistently applied, and well-established at the time of petitioner's purported default." *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir.1994); *see also Ford v. Georgia*, 498 U.S. 411, 423-424, (1991) (holding that a state procedural rule is an adequate bar to federal court review if it was "firmly established and regularly followed" at the time it was applied by the state court). Respondents point to several cases during the relevant time period as examples that the Nevada appellate courts routinely preclude consideration on appeal of claims raised in an improper manner pursuant to NRS 34.750(3)-(5). *See Spreadborough v. State*, No. 71916, 2017 WL 6539438 at *1 (Nev. Dec. 13, 2017) (finding state district court did not err in applying NRS 34.750(3) to deny request by pro per petitioner to raise new allegations in an affidavit); *Potter v. State*, No. 72465, 2017 WL 471145 at *2 n.2 (Nev. October 12, 2017) (holding that on remand, the state district court could, in its discretion, grant pro se petitioner permission to raise new claims pursuant to NRS 34.750(5)); *Chavez-Juarez v. State*, No. 70383, 2017 WL 896025 at 1 (Nev. Ct. App. Feb. 23, 2017) (finding as petitioner was never appointed postconviction counsel, under NRS 34.750(3) he had no right to file a supplemental petition); *Harris v. Nevada*, No. 69486, 2016 WL 7635432 at *2 (Nev. Ct. App. Dec. 28, 2016) (same); *see also Fernandez v. Dzurenda*, No. 71792, 2017 WL 2979883 at *1 (Nev. July 12, 2017) (concluding that pursuant to NRS 34.750(3)-(5), the state district court did not err in failing to provide an opportunity for pro per petitioner to file reply to the response to his habeas petition). The Court concludes that Thomas has not demonstrated that the applied bars were inadequate. Grounds 4(A) and 4(B) are therefore dismissed as procedurally barred.

### III. Motion for Leave to File Pleading in Excess of Pages

Respondents have filed a Motion for Leave to File Excess Pages along with their 41-page reply in support of their Motion to Dismiss. (ECF No. 74.)  The Court previously granted Thomas leave to file a 45-page opposition to the motion. (ECF No. 73.)  Counsel for Respondents explains that she has edited the reply extensively and reduced it as much as the complexity of the issues allow.  She says that shortening the reply any more would prejudice Respondents' arguments or omit critical points of law or fact.  While generally the Court disfavors motions to exceed page limits (*see* LSR 3-2(c)), the Court grants leave to exceed the limit by several pages.

### IV. Conclusion

It is therefore Ordered that Respondents' Motion to Dismiss **(ECF No. 67) is GRANTED in part and DENIED in part** as follows:

Grounds 3(F) and 7 are **DISMISSED** as untimely.

Ground 2 is exhausted as a due process claim only.

Ground 3(C) is exhausted as to the claim that trial counsel was ineffective for failing to argue insufficiency of the evidence of conspiracy.

A decision on whether grounds 8 and 9 are timely and/or subject to any procedural bars is deferred to the merits review.

A decision on whether cause and prejudice excuse the unexhausted grounds 3(D) and 3(E) is deferred to the merits review.

Grounds 4(A), 4(B), 5 and 6 are dismissed as procedurally barred.

It is further ordered that Respondents have 60 days from the date this order is entered within which to file an answer to the remaining grounds in the Amended Petition.

It is further ordered that Petitioner has 45 days following service of Respondents' answer in which to file a reply.

It is further ordered that Respondents' Motion for Leave to File Pleading in Excess of Pages **(ECF No. 74) is GRANTED**.

DATED: August 4, 2025.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE