# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DESHAWN THOMAS, | Case No. 2:18-cv-00020-GMN-EJY |
| Petitioner, | |
| v. | **ORDER** |
| CHARLES DANIEL, *et al.*, | |
| Respondents. | |

Petitioner Deshawn Thomas commenced this habeas action by filing a Petition for Writ of Habeas Corpus. ECF No. 6. The Court appointed counsel and entered a scheduling order. ECF No. 9. Respondents have now filed a suggestion of death on the record indicating that Thomas died on January 12, 2026. ECF No. 83.

The Court may entertain a state prisoner's Petition for Writ of Habeas Corpus only on the ground that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petitioner's death renders the habeas petition moot. *See Dove v. United States*, 423 U.S. 325 (1976) (per curiam) (dismissing petition for a writ of certiorari from appellate decision in criminal proceedings upon petitioner's death); *Farmer v. McDaniel*, 692 F.3d 1052 (9th Cir. 2012) (upon notice of petitioner's death, appeal dismissed as moot and case remanded to district court to dismiss habeas petition as moot); *Garceau v. Woodford*, 399 F.3d 1101 (9th Cir. 2005) ("Because petitioner's death renders this case moot, the petition for a writ of habeas corpus should be dismissed as moot."); *Griffey v. Lindsey*, 349 F.3d 1157 (9th Cir. 2003) (same).

Thomas's death constitutes an end to his detention; thus, this action no longer presents a live case or controversy. Accordingly, the Petition challenging his state conviction is now moot.

///

///

///

It is therefore ordered that Petitioner Deshawn Thomas's Petition for Writ of Habeas Corpus (ECF No. 6) is dismissed without prejudice as moot, on account of Thomas's death.

The Clerk of the Court is kindly directed to close this case and enter judgment accordingly

DATED:    January 13, 2026

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE